UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVIN REINAUER,

    Plaintiff,

v.                                          Case No: 8:24-cv-2358-CEH-AAS

UNITED AIRLINES, INC.,

    Defendant.
_____/

**ORDER**

In this Title VII action, Defendant United Airlines, Inc., moves, under 28 U.S.C. §§ 1406, 1404, to transfer venue to the Northern District of Illinois (Doc. 20). Plaintiff Alvin Reinauer opposes transfer (Doc. 24).[1] In its motion, Defendant argues venue is improper in the Middle District of Florida and requests dismissal or transfer

---

[1] Also pending is Defendant's motion to dismiss for improper venue, lack of personal jurisdiction and failure to state a claim (Doc. 19). Although the question of personal jurisdiction "is typically decided in advance of venue, . . . when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Of note, however, "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, . . . and both may be waived by the parties." *Id.* (citations omitted). Courts in this Circuit have found that where "a venue issue renders the personal jurisdiction problem moot, . . . consideration of venue before personal jurisdiction is appropriate." *U.S. ex rel. Norshield Corp. v. Scarborough*, 620 F. Supp. 2d 1292, 1294 (M.D. Ala. 2009) (citation omitted); *see also Beach TV Cable Co., Inc. v. Walsh*, No. 5:22-CV-148-AW-MJF, 2022 WL 19333293, at *2 (N.D. Fla. Nov. 8, 2022) (not separately addressing personal jurisdiction as to two defendants where venue was improper as to those defendants); *Thakur v. Betzig*, No. 3:16-CV-811-TFM, 2017 WL 4682216, at *6 (M.D. Ala. Oct. 17, 2017) (transferring for improper venue before addressing questions of personal jurisdiction). Here, the Court finds it appropriate to address venue first.

to the Northern District of Illinois where multiple related lawsuits are currently being litigated. Defendant submits the affidavit of William Kirk Limacher in support of its motion. Doc. 20-4. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Transfer and transfer this action to the Northern District of Illinois.

## BACKGROUND[2]

By Spring 2020, the novel coronavirus SARS-CoV-2, which can cause the disease COVID-19, spread rapidly around the world. Doc. 1 ¶ 22. In the summer of 2021, Defendant United Airlines ("United" or "Defendant") implemented a policy requiring all employees to be vaccinated for COVID-19. *Id.* ¶¶ 2, 29. United employees were terminated unless they uploaded a copy of their vaccination record showing a COVID-19 vaccination or were granted an "accommodation." *Id.* ¶ 33. The policy included accommodation for employees with a religious aversion to the vaccine. However, United CEO Scott Kirby warned that employees seeking this accommodation could be put on "indefinite, unpaid leave" with no guarantees that their positions with United would be preserved. *Id.* ¶¶ 2, 60. This forced United employees to choose between taking the vaccine or effectively losing their jobs. *Id.* ¶ 34.

In March of 2022 Plaintiff Alvin Reinauer ("Reinauer" or "Plaintiff") was offered a job as a pilot for United, with the job being contingent on Reinauer receiving

---

[2] Except as otherwise stated, the facts in this section are as alleged in Plaintiff's complaint.

2

a COVID-19 vaccination. *Id.* ¶ 65. Reinauer filed a reasonable accommodation request (RAP) with United, seeking exemption from the vaccine requirement on the grounds that the vaccine, which was manufactured using fetal stem cell lines derived from an abortion, violated his religious beliefs. *Id.* ¶¶ 66–67. Although United approved his request, Reinauer's onboarding process was placed on hold, however, until "certain countries lifted COVID travel restrictions" – this pause in the hiring process lasted five months. *Id.* ¶¶ 68, 73. In August of 2022, feeling the financial pressure of the pause, Reinauer provided United with his COVID-19 vaccine documentation and was promptly scheduled to begin his training. *Id.* ¶ 73. After filing a complaint with the EEOC and receiving a right-to-sue letter, Reinauer filed this action in October 2024 seeking to certify a class of similarly situated United employees, alleging religious discrimination and retaliation under Title VII. *Id.* ¶¶ 76, 86–95, 96–101.

Defendant United is a major airline incorporated in Delaware with its principal place of business in Chicago, Illinois. *Id.* ¶ 17. Reinauer alleges that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) "because a substantial part of the events complained of . . . occurred in this District and Division." *Id.* ¶ 20. Plaintiff Reinauer was, at all times relevant to this litigation, a resident of Pinellas County, Florida. *Id.* ¶ 16. The effects of United's vaccine policy were allegedly felt by Reinauer at his home in Florida. *Id.* ¶ 21. He alleges the unlawful employment practices occurred here because he daily faced the choice of taking the vaccine or continuing to be out of work. *Id.* ¶¶ 21, 72.

In support of its motion to transfer venue, United filed the affidavit of William Kirk Limacher, United Airlines' Senior Vice President of Technical Operations Planning and Strategy in Chicago, Illinois. Doc. 20-4. Limacher states that United's COVID-19 policies and procedures, as well as its Reasonable Accommodation Policy, were developed and implemented in Chicago, Illinois. *Id.* ¶ 9. Each United pilot is based at a specific airport location. *Id.* ¶ 6. Although flight crew can be based in Orlando/Tampa, United's employment records show that Reinauer has a base of work operations in United's Newark, New Jersey hub. *Id.* ¶¶ 6, 12.

Reinauer filed his own affidavit in response. Doc. 24-1. He has been a resident of Florida since 1997 and has lived at his current address (in Pinellas County) since 2021. *Id.* ¶ 2. He started working for United out of Washington D.C. (Dulles airport) and then transferred to the Orlando/Tampa base as a First Officer where he worked for a year. *Id.* ¶ 3. When he became Captain, his base of operations became Newark, New Jersey in March 2024. *Id.* ¶ 3.

## DISCUSSION

United argues that transfer of venue is warranted under both 28 U.S.C. §§ 1406 and 1404. First, United contends that because Reinauer's claims arise under Title VII, they are subject to the exclusive venue provisions set forth in 42 U.S.C. § 2000e-5(f)(3), and under the facts of this case, dismissal or transfer is required under § 1406(a). Additionally, United argues that under § 1404(a) transfer is warranted for the convenience of parties and witnesses and in the interest of justice. In response, Reinauer argues that United's unlawful employment practice took place in Florida,

and he suffered his injury of a lack of a paycheck at his home in the Tampa Bay area. Doc. 24. He claims that United "accommodated" him by forcing him to stay home in the Middle District of Florida. Thus, he argues the discrimination was directed toward his home in Florida, and therefore, venue is proper in this District. Additionally, he argues that venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events complained of took place in this District and Division. Reinauer further submits that while the case may be transferred under 28 U.S.C. § 1404(a), he maintains this is inadvisable because his choice of forum should be given "substantial deference" and because United Airlines cannot show that the relevant factors weigh in favor of transferring this action to Illinois.

    A.    Section 1406

Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). United argues that the case must be dismissed or transferred under § 1406(a) because venue is improper in this District for Plaintiff's claims brought under Title VII. Title VII has its own venue provision. In relevant part, it provides that the appropriate venue for Title VII claims is:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found

5

> within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

*Pinson v. Rumsfeld*, 192 F. App'x 811, 816–17 (11th Cir. 2006) (quoting 42 U.S.C. § 2000e–5(f)(3)). "The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases." *Pinson*, 192 F. App'x at 817 (citation omitted). Thus, Reinauer's reliance on § 1391 to support venue here is inapposite.

In his complaint, Plaintiff alleges the Court has "jurisdiction" over this case pursuant to § 2000e–5(f)(3), and "venue" pursuant to § 1391. Doc. 1 at 5. As stated above, in a Title VII action, venue is governed by § 2000e–5(f)(3). Plaintiff must make a prima facie showing of venue, and the facts as alleged in the complaint are taken as true to the extent that they are uncontroverted by defendant's affidavit. *See, e.g., Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (citing *DeLong Equip. Co. v. Washington Mills Abrasive*, 840 F.2d 843, 845 (11th Cir. 1988). Here, Plaintiff fails to allege facts sufficient to show venue is appropriate under any one of the four prongs identified in § 2000e–5(f)(3).

Turning to Title VII's venue provision, the Court notes that the second, third, and fourth prongs of § 2000e–5(f)(3) are facially defeated by Plaintiff's allegations. The second prong identifies as a viable venue a judicial district in which the employment records relevant to such practice are maintained and administered. Plaintiff does not allege, nor can he, that the relevant employment records for this case are maintained

6

or administered in the Middle District of Florida. He alleges United is a Delaware corporation with its principal place of business in Chicago, Illinois. Doc. 1 ¶ 17. Plaintiff acknowledges that United's employment records are maintained in Chicago. Doc. 24 at 11. Moreover, Senior VP Limacher explains that Chicago, Illinois is the site of United's corporate headquarters and the location from which United's senior leadership team runs United's operations. Doc. 20-4 ¶ 4.

The third prong looks to the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. Reinauer's Complaint indicates that, although he is a resident of Florida, he works for United from the company's New Jersey hub. Doc. 1 ¶ 16; *see also* Doc. 20-4 ¶ 12. Plaintiff does not contend that, but for United implementing a vaccine mandate which postponed his employment for several months, he would have been flying for United out of any hub in this District. Prong four considers the judicial district in which the respondent has its principal office, which here would be in Illinois. Doc. 1 ¶ 17. Chicago, which is in the Northern District of Illinois, is both the site of United's corporate headquarters and the location where United's senior leadership team runs operations. Doc. 20-4 ¶ 4. This leaves Plaintiff with only the first prong as a potential viable venue choice for his Title VII claims–the judicial district in the State in which the unlawful employment practice is alleged to have been committed.

In his complaint, Plaintiff clearly articulates that he suffered the detriments of United's vaccine policy in this District. But where the effects of the employment action are felt, and where the alleged unlawful employment action was committed are not

necessarily interchangeable. While the Eleventh Circuit has not directly interpreted this prong of § 2000e–5(f)(3), district courts in this Circuit, and many others, have. *See e.g., Moore v. City of Kankakee*, No. 14-CV-5440, 2015 WL 2455116, at *2 (N.D. Ill. May 22, 2015) (quoting *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 664 (D.D.C. 1982) ("This prong focuses on 'the place where the decisions and actions concerning the employment practices occurred,' not the location where a plaintiff received notice of Defendant's conduct or suffered from its effects"); *EEOC v. CRST Int'l, Inc.*, No. 3:17-CV-241-TJC-JBT, 2017 WL 4959219, at *3 (M.D. Fla. Nov. 1, 2017) (adopting *Kankakee's* interpretation of § 2000e–5(f)(3)'s "committed" prong); *Harrington v. Howard Transp., Inc.*, No. CIV.A. 12-0078-WS-C, 2012 WL 1899850, at *3 (S.D. Ala. May 23, 2012) (merely "feeling" the effects of an employment action in a district does not satisfy § 2000e–5(f)(3)'s first prong); *see also, Norris v. Honeywell Int'l, Inc.*, No. 8:22-CV-1675-CEH-TGW, 2023 WL 8438557 (M.D. Fla. Dec. 5, 2023) (granting plaintiff's motion to transfer to the Western District of North Carolina, in part, because plaintiffs asserted Honeywell's COVID-19 vaccine mandate was "derived and executed" from the company's corporate human resources location in that district). Thus, this Court and others have interpreted the first prong to refer to the district in which the unlawful employment practice was considered, derived, and/or executed, not the district where the effects of such an action were felt. Put another way, to establish that venue in this District is appropriate under the first prong of Title VII's venue provision, the Plaintiff must plead facts sufficient to show that United made its allegedly unlawful

8

employment decision (to mandate COVID-19 vaccines) from the Middle District of Florida. Plaintiff's Complaint fails here.

Plaintiff does not claim that United made the decision to implement its policy from this District. Instead, the Complaint attributes these decisions and actions to Scott Kirby, United's CEO. *See* Doc. 1 ¶¶ 2, 3, 4, 29, 41, 62. While the Plaintiff does contend through his Complaint and affidavit that United maintains a sizeable workforce in this District, neither filing provides any allegation that Kirby or any other United official made these decisions in the Middle District of Florida. While Plaintiff suggests in his response that the unlawful employment decisions were made in Texas since CEO Kirby resides in Dallas, *see* Doc. 24 at 5, even Plaintiff's response acknowledges that Kirby regularly commutes to United's headquarters in Chicago. *Id.* at 15. Other than Plaintiff's conjecture, there is no evidence to dispute Limacher's declaration that United's COVID-19 policies and procedures, as well as its Reasonable Accommodation Policy, were developed and implemented in Chicago, Illinois. Doc. 20-4 ¶ 9. Regardless of whether the decision was made in Illinois or Texas, pertinent to the inquiry before the Court is the fact that the decision was clearly not made in Florida. Because there is nothing in Plaintiff's filings that suggests United's vaccine mandate was decided in the Middle District of Florida, Plaintiff fails to show that the "committed" prong of § 2000e–5(f)(3) supports a finding of venue in this District.

Plaintiff's response in opposition cites *Sambrano v. United Airlines, Inc.*, No. 4:21-CV-1074-P, 2021 WL 5178829 (N.D. Tex. Nov. 8, 2021), for the proposition that venue can be established in the instant case because United's decisions–conditionally

9

hiring Reinauer in Florida, providing him an accommodation in Florida, and communicating repeatedly with him in Florida–show United's contacts with the State. Doc. 24 at 6. A company's contacts with a state or whether its policy is directed to an individual in the state, however, is not the relevant test under Title VII's venue provision. Moreover, the *Sambrano* court limited its analysis to personal jurisdiction; venue had been waived by United in that case. *See Sambrano*, 2021 WL 5178829, at *2 n.1. Thus, reliance on *Sambrano's* analysis is misplaced given that venue was not at issue in that case.

Because Plaintiff fails to allege facts sufficient to establish venue under any of § 2000e–5(f)(3)'s prongs, venue is improper in the Middle District of Florida for Plaintiff's Title VII claims and this Court must either dismiss the case or transfer the case "if it be in the interests of justice." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Texas*, 571 U.S. 49, 56 (2013). If the court chooses to transfer, it may transfer the case to "any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

In this instance, the interests of justice favor transfer rather than dismissal because at this stage in the litigation Plaintiff's Title VII claims could be time-barred if required to re-file. As such, the Court considers where this case may otherwise have been brought. It is undisputed that the relevant employment records are stored at Defendant's principal place of business in the Northern District of Illinois. For purposes of sections 1404 and 1406, "the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might

have been brought." 42 U.S.C. § 2000e-5(f)(3). Thus, the Northern District of Illinois is a venue in which this case could have been brought under § 2000e–5(f)(3).

Because the Court finds that venue is inappropriate in this District, the interests of justice favor transferring this case, and the Northern District of Illinois is a district in which this case could have been brought, the Court will transfer this case to the Northern District of Illinois.

    B.    Section 1404

United, alternatively, argues that transfer is warranted under 28 U.S.C. § 1404(a). A district court may transfer any civil action to any other district court where it might have been originally filed, in view of the convenience of the parties and witnesses and in the interests of justice. 28 U.S.C. § 1404(a). Because the Court has determined above that venue is improper here under § 1406(a), the Court need not reach United's alternative argument under § 1404.

Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Transfer Venue (Doc. 20) is **GRANTED**.

2. This action is transferred to the Northern District of Illinois.

3. The Clerk is directed to immediately **TRANSFER** this case to the United States District Court for the Northern District of Illinois. The Clerk is further directed to terminate any pending deadlines and motions and **CLOSE** this case.

Case 8:24-cv-02358-CEH-AAS   Document 34   Filed 11/17/25   Page 12 of 12 PageID 323

**DONE AND ORDERED** in Tampa, Florida on November 17, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented parties